UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

FRANK MORIZIO, JR. and MARIA MORIZIO,

    *Defendants.*

--------------------------------------------------------------X

Case No. 24-cv-5064

# COMPLAINT

Plaintiff United States of America, pursuant to 26 U.S.C. § 7401 and 7402, with the authorization of the Secretary of the Treasury and at the direction of the Attorney General of the United States, brings this civil action to reduce to judgment certain unpaid federal tax liabilities of Defendants Frank Morizio, Jr. and Maria Morizio, that are excepted from the discharge in Frank Morizio Jr.'s Chapter 7 bankruptcy case. In support of its claim, the United States alleges, as follows:

### Jurisdiction, Venue, and Parties

1. Jurisdiction over this action is conferred upon this Court under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7402.

2. Defendants Frank Morizio, Jr., and Maria Morizio reside in Oceandale, New York, which is within the jurisdiction of this Court.

### Count I: Judgment Against Frank Morizio, Jr. For Unpaid Tax Liabilities As Excepted from His Bankruptcy Discharge

3. On the dates, in the amounts, and for the taxable periods set forth below, a delegate of the Secretary of the Treasury made assessments against Frank Morizio, Jr., jointly with his wife, Maria Morizio, for federal income taxes for the periods, on the dates, and in the

1

amounts described below. Those liabilities have balances due as of July 19, 2024, including assessed and accrued late-filing and late-payment penalties under 26 U.S.C. § 6651, penalties for failing to make quarterly estimated tax payments under 26 U.S.C. § 6654, costs, and statutory interest, and after applying any abatements, payments, and credits, as follows:

| Tax Period | Assessment Date | Assessment Type | Amount of Tax Assessed | Balance as of 7/19/2024 |
|---|---|---|---|---|
| 2010 | 11/14/2011 | Tax Assessed | $45,531.00 | $97,173.45 |
| 2011 | 02/18/2013 | Tax Assessed | $20,871.00 | $41,227.45 |
| 2012 | 03/17/2014 | Tax Assessed | $11,595.00 | $19,812.26 |
| 2013 | 11/10/2014 | Tax Assessed | $16,476.00 | $29,563.25 |
| 2015 | 11/21/2016 | Tax Assessed | $19,147.00 | $35,776.00 |
| 2016 | 11/06/2017 | Tax Assessed | $8,163.00 | $14,723.91 |
| 2017 | 12/10/2018 | Tax Assessed | $19,838.00 | $33,927.46 |
| 2018 | 03/09/2020 | Tax Assessed | $17,030.00 | $28,104.46 |
| 2019 | 12/07/2020 | Tax Assessed | $12,432.00 | $19,324.19 |
| 2020 | 12/06/2021 | Tax Assessed | $13,800.00 | $18,991.17 |
| 2021 | 11/21/2022 | Tax Assessed | $30,414.00 | $33,640.62 |
| 2022 | 01/15/2024 | Tax Assessed | $31,541.00 | $37,226.85 |
| 2023 | 06/24/2024 | Tax Assessed | $18,466.00 | $20,083.93 |
| **Total Balance as of 7/19/2024** | | | | **$429,574.73** |

4. Frank Morizio, Jr., filed federal income tax returns, jointly with his wife, Maria Morizio, for the following tax years, reporting the adjusted gross income set forth below[1]:

| Tax Year | AGI Reported |
|---|---|
| 2008 | $144,673.00 |
| 2009 | $167,595.00 |
| 2010 | $237,575.00 |
| 2011 | $152,192.00 |
| 2012 | $137,372.00 |
| 2013 | $137,535.00 |
| 2014 | $126,901.00 |
| 2015 | $88,665.00 |
| 2016 | $61,558.00 |
| 2017 | $86,275.00 |
| 2018 | $89,741.00 |
| 2019 | $75,245.00 |

---

[1] The Morizios never paid their tax liabilities for 2008 or 2009 other than a small withholding amount of $376 in 2008, but the United States is not seeking to reduce such liabilities to judgment because the statute of limitations for collection of those liabilities has expired. As noted below, the statute of limitations has also expired as to Maria Morizio for year 2010.

| | |
|---|---|
| 2020 | $80,745.00 |
| 2021 | $132,429.00 |
| 2022 | $167,979.00 |
| 2023 | $199,767.00 |

5.　　On or about the dates of the federal income tax assessments described in paragraph 3, above, a delegate of the Secretary of the Treasury gave notice to, and made a demand for payment of the balances due upon, Frank Morizio, Jr., and Maria Morizio.

6.　　Despite such notice and demand, Frank Morizio, Jr., and Maria Morizio have failed, neglected, or refused to pay in full the liabilities described in paragraph 3, above.

7.　　Although a proceeding in court must generally be commenced within ten years after the assessment of a tax, this action as to Frank Morizio, Jr., has been timely commenced under 26 U.S.C. § 6502 for years 2010 and 2011 because the statute of limitations was suspended pursuant to 26 U.S.C. § 6503(h) during Mr. Morizio's four dismissed Chapter 13 bankruptcy cases (and for six months additional suspension each time) and again during his recent Chapter 7 case, and also suspended while any installment agreement request was pending and for 30 days after a rejection of such a request, or after termination following acceptance, pursuant to 26 U.S.C. § 6331(k)(2) and (3) (but not while an installment agreement is active and in effect).

8.　　On December 11, 2014, the IRS accepted an installment agreement that Frank Morizio, Jr., and Maria Morizio jointly proposed pursuant to 26 U.S.C. § 6159, with regard to tax years 2010 and 2011 which terminated on July 27, 2015, tolling the limitations period on collection for **30 days**.

9.　　On February 1, 2019, Frank Morizio, Jr., filed a petition under Chapter 13 of the Bankruptcy Code in Case No. 8:19-bk-70817 in the United States Bankruptcy Court for the

3

Eastern District of New York. The case was dismissed on March 19, 2019, tolling the limitations period for **46** days, plus **six months**.

10. On October 25, 2019, Frank Morizio, Jr., filed a petition under Chapter 13 of the Bankruptcy Code in Case No. 8:19-bk-77351 in the United States Bankruptcy Court for the Eastern District of New York. The case was dismissed on February 3, 2020, tolling the limitations period for **101** days, plus **six months**.

11. On July 21, 2022, Frank Morizio, Jr., filed a petition under Chapter 13 of the Bankruptcy Code in Case No. 8:22-bk-71836 in the United States Bankruptcy Court for the Eastern District of New York. The case was dismissed on September 6, 2022, tolling the limitations period for **47** days, plus **six months**.

12. On May 1, 2023, Frank Morizio, Jr., filed a petition under Chapter 13 of the Bankruptcy Code in Case No. 8:23-bk-71522 in the United States Bankruptcy Court for the Eastern District of New York. The case was dismissed on June 16, 2023, tolling the limitations period for **46** days, plus **six months**.

13. In sum, the period of limitations on collection for years 2010 and 2011 were suspended due to Mr. Morizio's installment agreement and various dismissed Chapter 13 bankruptcy filings for 270 days plus an additional 24 months (six for each bankruptcy).

14. On December 14, 2023, Frank Morizio, Jr., filed a petition under Chapter 7 of the Bankruptcy Code in Case No. 8:23-bk-74714 in the United States Bankruptcy Court for the Eastern District of New York, which against suspended the periods of limitations on collection under 26 U.S.C. § 6503(h).

15. Frank Morizio, Jr., has not yet received a Chapter 7 discharge but because the time to object to the discharge has expired, the Clerk of the Bankruptcy Court now has a ministerial duty to enter it under Fed. R. Bankr. P. 4004(c). Accordingly, any dispute over

dischargeability is now ripe.  And, because of the Chapter 13 case that was pending from May 1, 2023, to June 16, 2023 (Bankr. Case No. 8:23-bk-71522), the automatic stay for any act against the debtor terminated 30 days after the Chapter 7 petition that was filed on December 14, 2023, as provided by 11 U.S.C. § 362(c)(3); no party filed a motion in that proceeding to continue the automatic stay.

16. The liabilities described in paragraph 3 for tax years 2018 through 2022 are excepted from the discharge under 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(8) because the returns for those tax years were due after three years prior to the petition, when factoring in the tolling of the priority period by Mr. Morizio's prior bankruptcies, set forth in paragraphs 9-12, above, while each case was pending plus an additional 90 days for each case as provided in the flush paragraph at the end of 11 U.S.C. § 507(a)(8).

17. The liabilities for taxes and interest described in paragraph 3, above, for tax years 2010 through 2013 and 2015 through 2017 are excepted from the discharge under 11 U.S.C. §§ 523(a)(1)(C) because Frank Morizio, Jr. willfully attempted to defeat the taxes in one or more of several ways, including:

   a. Repeatedly, year after year, failing to make any required quarterly estimated pre-payments of tax on self-employment income except for year 2014 for which the tax was satisfied by a combination of withholdings and an estimated payment of $9,989.54.

   b. Repeatedly, year after year, failing to have withholdings of an amount commensurate with the amount of income reported.  (The only years with withholdings were $376 in 2008; $198 in 2011; $1,680 in 2012; and $5,514 in 2014.)

c. Repeatedly, year after year, requesting extensions of time to file returns but failing to make any payments with his request (which requires payment of the full estimated tax not already paid by withholdings or quarterly estimated pre-payments), despite earning substantial amounts of income (and thus knowing that he would have substantial tax liabilities for those tax years).

d. Having substantial adjusted gross income year-after-year—often in excess of $100,000.00 and as high as $237,575.00 in 2010 and just shy of $200,000 in 2023 (in which he filed his Chapter 7 case two weeks before year-end)—and, other than for tax year 2014, not using such income either to pay his tax liabilities for the year in which the income was earned or any previous year. Specifically, Mr. Morizio's tax returns reported a total of $2,086,247 in adjusted gross income from tax years 2008 through 2023, he was assessed over $330,000 in tax (to say nothing of tens of thousands of dollars in penalties and interest), but for all years other than 2014 (which he paid in full between withholding and a single estimated tax payment) he made a total of $3,784 of voluntary payments, including from estimated tax payments, withholding, and payments made with or after the filing of his return(s). Mr. Morizio has not paid a single cent to the IRS towards any of his tax liabilities since November 19, 2014.

e. The United States expects to add additional indicia of willfully attempting to defeat tax as a result of discovery in this case.

18. The penalties relating to Mr. Morizio's 2010-2013 and 2015-2022 income taxes are excepted from discharge under 11 U.S.C. § 523(a)(7).[2]

19. After the application of all abatements, payments, and credits, and the addition of accrued penalties, interests, and costs, Frank Morizio, Jr., remains indebted to the United States in the amount of $429,574.73, plus interest and statutory additions from and after July 19, 2024, pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

**Count II: Judgment Against Maria Morizio For Unpaid Tax Liabilities**

20. The United States incorporates by reference as if fully restated in this count paragraphs 1 (jurisdiction), 2 (parties), 3 (assessments), 5 (notice and demand), and 6 (failure to pay) above.

21. Although a proceeding in court must generally be commenced within ten years after the assessment of a tax, this action as to Maria Morizio has been timely commenced under 26 U.S.C. § 6502 for tax year 2011 because the statute of limitations was suspended pursuant to 26 U.S.C. § 6503(h) during Maria Morizio's four dismissed Chapter 13 bankruptcy cases (and for six months additional suspension each time), and also suspended while any installment agreement request was pending and for 30 days after a rejection of such a request, or after termination following acceptance, pursuant to 26 U.S.C. § 6331(k)(2) and (3) (but not while an installment agreement is active and in effect).

---

[2] The United States acknowledges that three courts of appeals (not including the Second Circuit) have held that, for tax-related penalties to be excepted from discharge, they must not only be related to a nondischargeable tax under § 523(a)(7)(A) but also must have arisen within three years before the petition under § 523(a)(7)(B). The United States contends, however, that subparagraph A alone governs penalties "relating to" a tax while subparagraph B addresses free-standing tax penalties that are instead imposed on particular transactions or occurrences rather than accruing gradually as a percentage of unpaid tax under 26 U.S.C. § 6651 subject to a cap. In the alternative, if this is not correct, certain of the tax years fall within the three-year lookback period in subparagraph (B).

22. On December 11, 2014, the IRS accepted an installment agreement that Frank Morizio, Jr., and Maria Morizio jointly proposed pursuant to 26 U.S.C. § 6159, with regard to tax years 2010 and 2011 which terminated on July 27, 2015, tolling the limitations period on collection for **30 days**.

23. On September 21, 2018, Maria Morizio filed a petition under Chapter 13 of the Bankruptcy Code in Case No. 8:18-bk-76360 in the United States Bankruptcy Court for the Eastern District of New York. The case was dismissed on November 6, 2018, tolling the limitations period for **46** days, plus **six months**.

24. On May 8, 2019, Maria Morizio filed a petition under Chapter 13 of the Bankruptcy Code in Case No. 8:19-bk-73356 in the United States Bankruptcy Court for the Eastern District of New York. The case was dismissed on June 24, 2019, tolling the limitations period for **47** days, plus **six months**.

25. On November 30, 2022, Maria Morizio filed a petition under Chapter 13 of the Bankruptcy Code in Case No. 8:22-bk-73384 in the United States Bankruptcy Court for the Eastern District of New York. The case was dismissed on January 7, 2023, tolling the limitations period for **48** days, plus **six months**.

26. On August 24, 2023, Maria Morizio filed a petition under Chapter 13 of the Bankruptcy Code in Case No. 8:23-bk-73139 in the United States Bankruptcy Court for the Eastern District of New York. The case was dismissed on October 5, 2023, tolling the limitations period for **42** days, plus **six months**.

27. In sum, the period of limitations on collection for tax year 2011 was suspended due to the joint installment agreement and Ms. Marizio's various dismissed Chapter 13 bankruptcy filings for 213 days plus an additional 24 months (six for each bankruptcy). (The limitations period for 2010 for Ms. Marizio has expired.)

28. After the application of all abatements, payments, and credits, and the addition of accrued penalties, interests, and costs, Maria Morizio remains indebted to the United States in the amount of $332,401.28, plus interest and statutory additions from and after July 19, 2024, pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).[3]

## Jury Demand

The United States demands a jury trial to the extent that there are triable issues of fact.

WHEREFORE, Plaintiff United States of America requests:

A. The Court enter judgment in favor of plaintiff United States of America and against defendant Frank Morizio, Jr., for unpaid income tax liabilities, penalties, and interest for tax years 2010-2013, and 2015-2023, in the amount of $429,574.73, plus statutory additions from and after July 19, 2024, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

B. The Court enter judgment in favor of plaintiff United States of America and against defendant Maria Morizio for unpaid income tax liabilities, penalties, and interest for tax years 2011-2013, and 2015-2023, in the amount of $332,401.28, plus statutory additions from and after July 19, 2024, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

C. The Court award the United States such further relief, including the costs of this action, as the Court deems just and proper.

Respectfully submitted,

DAVID A. HUBBERT

---

[3] Should Ms. Marizio file another bankruptcy petition and receive a discharge, the United States will move to amend this complaint to allege that she participated in attempting to defeat the taxes as alleged in paragraph 17 above, thereby excepting the taxes from discharge under 11 U.S.C. § 523(a)(1)(C).

9

            Deputy Assistant Attorney General
            U.S. Department of Justice, Tax Division

            */s/ Bradley A. Sarnell*
            BRADLEY A. SARNELL
            Trial Attorney, Tax Division
            U.S. Department of Justice
            P.O. Box 55
            Washington, D.C. 20044
            202-307-1038 (v)
            202-514-5238 (f)
            Bradley.A.Sarnell@usdoj.gov